IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AVIGDOR SLATUS, RITA SLATUS, YAAKOV SLATUS, and SHLOMO SLATUS, | |
| Plaintiffs, | CIVIL ACTION NO.: 4:25-cv-232 |
| v. | |
| DEAN FLAKE, WELLS FARGO BANK, NATIONAL ASSOCIATION (INC.), and TRUIST BANK, | |
| Defendants. | |

**O R D E R**

Defendant Truist Bank ("Truist") filed a Motion to Stay Discovery. Doc. 16. Defendant Wells Fargo Bank consented to Truist's Motion. Id. at 1. Plaintiffs filed a Response in opposition. Doc. 27. For the following reasons, the Court **GRANTS** Truist's Motion and **STAYS** discovery in this case, including Truist's deadline to respond to discovery requests served with Plaintiffs' Complaint while the action was still in state court.[1]

Plaintiffs originally filed suit in Chatham County State Court. Doc. 1 at 1. Truist removed this case to this Court on September 30, 2025. Id. Plaintiffs filed an Amended Complaint. Doc. 10. Plaintiffs allege Defendant Flake defrauded them by facilitating a Ponzi scheme. Id. at 3. Plaintiff also alleges Defendants exhibited willful misconduct and fraud. Id. at

---

[1] If the Court denies Defendants' motion to compel arbitration, this stay shall lift automatically, in which case, the parties shall confer within 14 days of the ruling and submit their Rule 26(f) report within 7 days of the conference.

4. Truist filed a motion to compel arbitration and the instant Motion to Stay.  Docs. 14, 16.  Plaintiffs oppose Truist's motions.  Docs. 27, 31.

In the Motion to Stay, Truist argues that a stay should be entered to avoid undue costs and burdens of discovery pending resolution of their motion to compel arbitration.  Doc. 16 at 3.  It also asks the Court to stay its deadline to respond to the discovery served with Plaintiffs' Complaint while the action was still in state court.  Id. at 6.  Plaintiffs argue in response that a stay is not appropriate, as Truist is unlikely to succeed on the merits of the motion to compel arbitration and a stay will prejudice Plaintiffs.  Doc. 27 at 3–5.  Truist, in reply, argues that Plaintiffs do not dispute that federal courts typically stay discovery and that the motion to compel has merit.  Doc. 36 at 2–7.

The Court has broad discretion when deciding whether to issue a stay of discovery.  Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  A ruling on Truist's motion to compel arbitration might resolve some important aspect of the case because compelling arbitration would "displace the case from the Court and into the arbitral forum."  Workman v. Hire Techs, Inc., No. CV 120-070, 2020 WL 5637083, at *1 (S.D. Ga. Sept. 21, 2020).  When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

Truist has met its burden in showing a stay is appropriate.  Truist states the parties entered into a bank services agreement by which they agreed to arbitrate any claims when Plaintiffs opened or maintained accounts with Truist.  Doc. 14 at 4.  Truist argues that, with this,

Plaintiffs agreed to arbitrate each of the claims raised against Truist. Id. at 10–12. While a ruling on the motion to motion to compel arbitration is a decision for the District Judge, a "preliminary peek" reveals Truist's motion is credible enough to justify a stay. See PhosAsset GmbH v. Gulfstream Aerospace Corp., No. CV421-205, 2021 WL 9217154, at *2 (S.D. Ga. Dec. 6, 2021) (granting stay where motion to compel arbitration "did not appear to be meritless[]"). Additionally, a ruling on Truist's motion to compel arbitration could, potentially, "displace the case from the Court and into the arbitral forum." Workman, 2020 WL 5637083, at *1. Staying discovery in these circumstances is warranted because, if the District Judge determines arbitration is appropriate, Plaintiffs should not receive the benefit of discovery that would not have been available otherwise. See Parsons v. Advanced Call Ctr. Techs., LLC, No. 17-14436-CIV, 2018 WL 11458650, at *1 (S.D. Fla. Apr. 13, 2018) ("If the motion to compel arbitration is well taken and granted, Plaintiff should not, in the interim, have the benefit of discovery procedures which might not be available to him in the arbitration forum.").

Plaintiffs argue against a stay. To start, Plaintiffs argue no general rule requires a stay while a pending motion is resolved. Doc. 27 at 1. Next, Plaintiffs argue Truist's motion to compel arbitration is not likely to succeed. Id. at 2–3. Plaintiffs also argue that the Court should follow Georgia state court decisions reviewing motions to stay when a party has moved to compel arbitration. Id. at 3–4. Finally, Plaintiffs argue that discovery is needed to resolve Defendants' motion to compel arbitration because the parties need to explore whether Plaintiffs gave informed consent. Id. at 4.

While Plaintiffs are correct that no per se rule mandates a stay, a stay is still appropriate here. It appears from the face of the filings that Defendants' motion to compel has some merit, even if it ultimately fails. While Plaintiffs argue that they need more evidence to resolve the

motion to compel arbitration, they fail to identify what discovery needs to occur. Therefore, Plaintiffs have not shown they are entitled to discovery on the parties' consent to the arbitration agreement.

Ultimately, a stay of these proceedings would be an efficient use of judicial resources. If Truist's motion to compel arbitration is denied, Plaintiffs will be afforded a full opportunity to conduct discovery. If the motion to compel arbitration is granted, the parties will proceed in accordance with the applicable arbitration rules. But "allowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement." Palm Beach Vacation Owner's Ass'n, Inc. v. Escapes, Inc., No. CV 12-0027, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012). "This consideration is more important than any inefficiencies caused by the stay." Workman, 2020 WL 5637083, at *1. Plaintiffs have not pointed to any harm or inefficiency arising from a stay. Resolving the issue of arbitration first will ensure efficient resolution of this matter.

For these reasons, the Court **GRANTS** Truist's Motion and **STAYS** discovery in this case, including Truist's deadline to respond to discovery requests served with Plaintiffs' Complaint while the action was pending in state court.

**SO ORDERED**, this 19th day of December, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA